1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT
9                   FOR THE NORTHERN DISTRICT OF CALIFORNIA
10
11    DANIEL PORTUGAL,                  )
                                        )
12               Plaintiff(s),          )      No. C 08-0276 CRB (PR)
                                        )
13         v.                           )      ORDER OF SERVICE
                                        )
14    N. GRANNIS, et al.,               )
                                        )
15               Defendant(s).          )
                                        )
16    _____

17         Plaintiff, a prisoner at Salinas Valley State Prison ("SVSP"), has filed a
18   pro se civil rights complaint for damages under 42 U.S.C. § 1983 alleging that
19   SVSP dentists Wittenberg, Major and Pina "botched" several dental surgical
20   procedures on him and that his pleas for adequate dental care to other prison
21   officials were to no avail.

                                  **DISCUSSION**

23   A.    Standard of Review
24         Federal courts must engage in a preliminary screening of cases in which
25   prisoners seek redress from a governmental entity or officer or employee of a
26   governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable
27   claims or dismiss the complaint, or any portion of the complaint, if the complaint
28   "is frivolous, malicious, or fails to state a claim upon which relief may be

granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.   Legal Claims

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). Liberally construed, plaintiff's allegations of inadequate care for his dental needs states a cognizable § 1983 claim for damages against the named defendants. See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989) (dental care is an important medical need of inmates).

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1.   The clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the complaint in this matter, all attachments thereto, and copies of this order on the following defendants: N. Grannis (CDCR, Sacramento); Dr. Major (SVSP); Dr. Nguyen (SVSP); Dr. Adamo (SVSP); Dr. Wittenberg (SVSP), Dr. Charles Lee (SVSP) and Dr. Pina (SVSP). The clerk also shall serve a copy of this order on plaintiff.

2.   In order to expedite the resolution of this case, the court orders as follows:

   a.   No later than 90 days from the date of this order, defendants

1  shall file a motion for summary judgment or other dispositive motion.  A motion
2  for summary judgment shall be supported by adequate factual documentation and
3  shall conform in all respects to Federal Rule of Civil Procedure 56, and shall
4  include as exhibits all records and incident reports stemming from the events at
5  issue.  If defendants are of the opinion that this case cannot be resolved by
6  summary judgment or other dispositive motion, they shall so inform the court
7  prior to the date their motion is due.  All papers filed with the court shall be
8  served promptly on plaintiff.
9        b.      Plaintiff's opposition to the dispositive motion shall be filed
10 with the court and served upon defendants no later than 30 days after defendants
11 serve plaintiff with the motion.
12       c.      Plaintiff is advised that a motion for summary judgment
13 under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your
14 case.  Rule 56 tells you what you must do in order to oppose a motion for
15 summary judgment.  Generally, summary judgment must be granted when there
16 is no genuine issue of material fact--that is, if there is no real dispute about any
17 fact that would affect the result of your case, the party who asked for summary
18 judgment is entitled to judgment as a matter of law, which will end your case.
19 When a party you are suing makes a motion for summary judgment that is
20 properly supported by declarations (or other sworn testimony), you cannot simply
21 rely on what your complaint says.  Instead, you must set out specific facts in
22 declarations, depositions, answers to interrogatories, or authenticated documents,
23 as provided in Rule 56(e), that contradicts the facts shown in the defendant's
24 declarations and documents and show that there is a genuine issue of material
25 fact for trial.  If you do not submit your own evidence in opposition, summary
26 judgment, if appropriate, may be entered against you.  If summary judgment is
27
28       3

granted, your case will be dismissed and there will be no trial. Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App A).

Plaintiff is also advised that a motion to dismiss for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by the defendants in their motion to dismiss. Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

    d.    Defendants shall file a reply brief within 15 days of the date on which plaintiff serves them with the opposition.

    e.    The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

3. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order is required before the parties may conduct discovery.

4. All communications by plaintiff with the court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

5. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court and all parties informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

SO ORDERED.

DATED: May 27, 2008

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\CR.08\Portugal, D1.serve.wpd

4

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

DANIEL PORTUGAL,

        Plaintiff,

  v.

N GRANNIS et al,

        Defendant.
                                     /

Case Number: CV08-00276 CRB

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 27, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Daniel Portugal V 51068
Salinas Valley State Prison
D9-144
P.O. Box 1050
Soledad, CA 93960-1050

Dated: May 27, 2008

                                            Richard W. Wieking, Clerk
                                            By: Barbara Espinoza, Deputy Clerk