IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL PORTUGAL,<br><br>          Plaintiff(s),<br><br>  v.<br><br>N. GRANNIS, et al.,<br><br>          Defendant(s). | No. C 08-0276 CRB (PR)<br><br>ORDER REGARDING SERVICE |

        Plaintiff, a prisoner at High Desert State Prison ("HDSP"), filed a pro se civil rights complaint for damages under 42 U.S.C. § 1983 alleging that, while he was at Salinas Valley State Prison ("SVSP"), SVSP dentists "botched" several dental surgical procedures on him and that his pleas for adequate dental care to other prison officials were to no avail.

        Per order filed on May 27, 2008, the court found that plaintiff's allegations of inadequate care for his dental needs state a cognizable § 1983 claim for damages against the named defendants – N. Grannis (CDCR, Sacramento); Dr. Major (SVSP); Dr. Nguyen (SVSP); Dr. Adamo (SVSP); Dr. Wittenberg (SVSP), Dr. Charles Lee (SVSP) and Dr. Pina (SVSP) – and ordered the United States Marshal to serve them.  More than sixth months later, no appearance has been filed on behalf of any of the named defendants.

The court has looked into whether the named defendants have been served in this matter. As in all § 1983 prisoner cases filed in this court, the court found that the Marshal's office mailed to each of the defendants at his/her place of business a summons and a copy of the complaint, as well as a notice and acknowledgment of receipt of summons. Upon receipt of the forms at the defendants' place of business (i.e., CDCR, Sacramento and SVSP), the litigation coordinator forwarded the appropriate forms to the appropriate defendants, along with a form for requesting representation by the California Attorney General's Office. Each of the defendants signed the request for representation and forwarded it, along with the summons, complaint and notice and acknowledgment form, to the Attorney General's Office. A deputy attorney general was assigned to represent the defendants in the case.

Pursuant to the customary practice of the Attorney General's Office in § 1983 prisoner cases in this court, the deputy attorney general assigned to the case next should have completed the acknowledgment of receipt of summons form on behalf of the defendants who requested representation and should have returned it to the Marshal's office. But that did not happen in this case. The deputy attorney general assigned to this case instead has indicated that service was not properly executed on the defendants despite their having received copies of the summons and complaint at their place of business and despite their having followed the customary practice of forwarding to the Attorney General's Office an executed request for representation along with the summons, complaint and notice and acknowledgment form for the assigned deputy attorney general to execute and return to the Marshal's office.

In order to expedite these proceedings, the court orders that, within 30 days of this order, the deputy attorney general assigned to this case secure

waivers of service from all the named defendants and file an appearance on their behalf.

      The clerk shall serve a copy of this order on Deputy Attorney General John Devine, the deputy attorney general assigned to this case, and on Supervising Deputy Attorney General Paul Hammerness. The clerk shall also serve a copy of this order on plaintiff.

SO ORDERED.

DATED:  Dec. 10, 2008

CHARLES R. BREYER
United States District Judge